Gardiner, J.
 

 delivered the opinion of the court.
 

 The plaintiffs insist that by the true construction of the sixth clause of the will of the testator, the title to the premises in question, vested in interest, in William Newton, immediately upon the death of Elizabeth the daughter, whenever that occurred, whether prior or subsequent to the death of her mother. ' The defendant, on the other hand, claims that the devise was to the mofher for life, with a contingent remainder in fee to the, nephew, to take effect at the widow’s death, in case the daughter should
 
 then
 
 be dead without issue.
 

 After an attentive examination of the will, I think the manifest intention of the testator was that William Newton should
 
 *439
 
 take an estate in possession, if ever, immediately upon the death of Mrs. Crossfield. He gave to his wife an estate for life and “ after her death,” he devised to William in fee, “ ill case Elizabeth should die childless.” • The clause may be abbreviated, so far as it relates to this subject, without an alteration of the sense, as follows : I give and devise the lot, &c. unto my wife" Hannah during her life, and
 
 after her death,
 
 in case my daughter should die without children, to William Newton and his heirs forever. The phrase “ after her death,” and the devise over to William, are connected in sense, and both refer to the same event, namely, the death of the wife, upon which her estate was to terminate, and that of the ultimate devisee commence. The condition interposed and indicated by the words “ in case,” refers to the same event, qualifies what would otherwise be an'absolute devise over to William, and makes it contingent upon the death of the daughter without children, before the time when the devise was to take effect. The proviso interrupts the natural connection of the words, but serves to qualify the meaning of the principal sentence. It is therefore strictly a parenthesis,
 
 (Webster’s Dict.)
 
 and should be read accordingly. Indeed it will be found difficult, as suggested upon the argument, to read the entire sentence, as punctuated, in any other manner.
 

 It was argued that the phraseology of the clause showed, that the testator contemplated the death of his daughter,
 
 after ■
 
 the death of her mother. If he had not, his language, it is said, would have been, “ and after her death in case my daughter Elizabeth
 
 should have died
 
 without” &c. The answer to this suggestion is, that the plaintiffs set out with the proposition that the testator contemplated the possibility of his daughter’s death, both
 
 before
 
 and
 
 after,
 
 that of her mother ; and that upon either contingency, he intended the devise over should take effect. Now if the words “
 
 should have died,”
 
 were necessary, or proper to confine the death of Elizabeth to a period within the lifetime of the widow, the terms actually employed by the testator would, by the same reasoning, refer the death of the daughter to a time
 
 subsequent
 
 to that of the mother, and consequently, that the nephew could only take upon the happen*
 
 *440
 
 ing of the latter contingency. The argument therefore is unsound, or the proposition which is at the foundation of the plaintiff’s case is untenable. The expression “ should die,” adopted by the testator in reference to his daughter, when he executed his will, and at his death pointed to a future, and, as to time, to an uncertain event. The words independent of the context, are in themselves, wholly indefinite. But they are found in a condition, and are limited as to time, to the event which marks the commencement of the estate, which it was the object of that condition to qualify or defeat. That event, was the death of Mrs. Crossfield. The testator having fixed that as the period when the estate, if ever, must vest in possession, then prescribes a contingency which must happen, or the estate given be wholly defeated; namely, that Elizabeth should die childless. This was a condition precedent.- It must happen before the estate of the devisee could commence, and the phrase “ should die,” therefore, if in itself, indefinite, is made certain by that event.
 

 This construction is strengthened by collateral circumstances existing at the execution of the will. The testator had a wife said to be a middle aged woman, an only child, of eight or nine years of age, and two nephews, one of whom was sixty years of age, the other still older. Neither of these had children; and William Newton, so far as appears, was in easy circumstances. The condition of his brother in this respect is not disclosed by the evidence. The testator provided liberally for his wife, gave a small annuity to Henry Newton, and made no provision whatever, by his will, for his daughter. If from these facts, we were asked to infer a motive upon the part of the testator, all would say that after his wife, his daughter would be the first object of his- regard. Her age, sex, the fact that she was an only child, would give her the strongest claim upon his affection. By excepting' the parcels of land above mentioned, from the operation of the will, and suffering the fee to descend to his daughter, he must be presumed to have intended to secure to her a provision independent of her mother. He did so in fact, and the only question is as to its extent.
 

 The Newtons were his only remaining relatives ; and to me
 
 *441
 
 it seems but reasonable to suppose, that he intended that whatever benefit they took from his estate, they should enjoy in their lifetime. They had no children, and the idea is not to be indulged, that the testator had respect to collateral relations, in whom he could feel no interest, and of .whom, there is no proof that he had any knowledge. If his object then was, first of all, to provide for his wife and daughter, and subordinate to that, in the second pface, to give the Newtons the benefit of an estate to be enjoyed by them and not by strangers, he would have given an estate for life to his wife, remainder to his nephew on the contingency of the daughter dying without children previous to the death of the mother. If the contingency happened the remainder would vest in interest, in the nephews during the life of Mrs. Crossfield, and in possession, at her death. If Elizabeth survived her mother, or had children, she as the chief object of the testator’s bounty, would take a fee. If she died without children, the property would enure to the benefit of the nephew, which was primarily designed for others. Under the advice of the eminent counsel, who is said to have drawn the will, these objects were attained by the clause in question.
 

 The plaintiffs hold, that the nephew took a contingent estate by way of
 
 executory devise.
 
 This construction operates to the injury of the daughter, by cutting down, in effect, her estate from a fee, to an estate for life, in city property, which from the uncertainty of the title, could neither be leased nor improved to advantage. We cannot suppose that the testator intended to benefit the devisee, to the prejudice of his only child. An executory devise would be of no advantage to the nephew, except upon the exceedingly remote contingency, that Elizabeth, not dying in childhood, but surviving her mother^ should yet die without issue, during the life of the devisee, then upwards of sixty years of age. Because whether the nephew obtained his interest in the property by means of a contingent remainder, or an executory devise, was immaterial, as in either case, upon the death of Elizabeth living the mother, the estate would vest in interest in the devisee. It is not probable, therefore, that the' testator designed to render the fee cast upon' his daughter inalienable for two lives, to her detriment, for the benefit of eol
 
 *442
 
 lateral relations, and with hardly a possibility of advantage to the aged men, who had been his associates. We must forget all we know of men, and their motives of action, to give plausibility to such a supposition.
 

 Again, the construction of the plaintiffs is met, and opposed, by an inflexible rule of law, that a future interest, capable of taking effect as a contingent remainder, shall never take effect as an executory devise.
 
 (Butler’s Fearne,
 
 387,
 
 and note.)
 
 The limitation to William Newton could take effect as a remainder, according to the view suggested. There was an estate of freehold to support it, and the devise over was connected with, and depended upon that estate.
 
 (Id.
 
 393, 394.) In a
 
 doubtful
 
 case, we
 
 ought
 
 rather to incline to the construction, that will give effect to the devise, according to the rules of the common law, than that which requires a resort to the extraordinary method of executory devise.
 

 Upon the whole case, we are of opinion that by the sixth clause of the will of the testator, Mrs. Crossfield took an estate for life, with a contingent remainder in fee to William Newton, to take effect in interest upon the death of Elizabeth, the daughter, without children during the life of her mother; and in possession, upon the death of the latter; that the fee in the mean time descended to the daughter, as heir at law to her-father; that Elizabeth having survived her mother, the remainder fell with the freehold estate upon which it was dependent, and she became entitled to the premises in fee simple.
 

 It is unnecessary to consider the other questions discussed upon the argument, as the decision upon this point disposes of the cause.
 

 We think that the decision of the learned judge at the trial -was correct, and the judgment of the superior court must be affirmed.
 

 Judgment affirmed.