DANIEL T. FOLEY, RESPONDENT, *v.* JAMES J. FOLEY, PATRICK J. HENNESSY AND THOMAS HARTE, SURVIVING EXECUTORS OF JOHN HEALY, DECEASED, AND JAMES HEALY, APPELLANTS.

*Estate — when vested.*

A testator devised certain real estate to his wife, to be held for the benefit, support and maintenance of herself and daughter, and provided that if the daughter should marry, or die without leaving children, her husband, if he should survive her, should not inherit the property; but that if she left children living at her death the property should be theirs. The will further provided that "should my said daughter Margaret die without leaving any issue, then the said property shall be left to my nephew John Foley." The testator died.

in 1872, the widow in 1874, John Foley in 1877, and the daughter, without ever having had issue, in 1878.

*Held,* that John Foley took under the will a vested estate in remainder, and that his heirs-at-law were entitled to the property on the death of the daughter.

APPEAL from an order overruling a demurrer to the complaint.

The action was brought for the partition of certain real estate, of which John Healy died seized in 1872. By his will he provided : First. "After all my lawful debts are paid and discharged, I give and bequeath to my dear wife, Catharine Healy, the house and lot in which I now reside, and which house and lot I now own, and which house and lot is situated on the northerly side of Luqueer street, in the twelfth ward, in the city of Brooklyn, aforesaid. The said described property is to be held by my said wife, after my death, to and for the chief purpose of keeping and protecting the same for her own and my daughter's benefit, provided, however, that my said wife shall prudently use the rents and benefits, if any there may be, of said property for the maintenance and support of herself and said daughter ; and, also, that my said wife shall be and act as the sole guardian and protector of my said daughter as long as she remains unmarried; but if she, my said wife, should get married, or otherwise commit acts contrary to the wishes of my executors herein named, then my executors shall have the power to have the control of said property taken from my said wife, and also the guardianship of my said daughter. This use and privilege of my said property to my said wife is in lieu of her dower right.

" Second. I also wish and will that if my said daughter Margaret should get married, or die without leaving any children, and that her husband should live after her death, he shall not inherit the said property or any part thereof ; but if there are any children born of my daughter, and living after her death, the property shall be theirs, share and share alike, and managed accordingly by my executors.

" Third. I wish and will that should my said daughter Margaret die without leaving any issue, then the said property shall be left to my nephew John Foley."

The widow died in 1874. John Foley died in 1877, unmarried, and leaving the plaintiff and James J. Foley, his brothers and

only heirs-at-law. The daughter died in 1878 without ever having had issue.

The question involved was as to the estate taken by John Foley under the will, and as to whether it passed to his brothers upon his death.

*Robert Johnstone* and *James Callanan*, for the appellant Harte.

*John W. Weed*, for the appellant James Healy.

*McGuire & Kuhn*, for the respondent.

DYKMAN, J.:

At common law the rules, which governed the holding and transmitting of real property, were so complicated and so unsuitable to the development of a new country, that they began to be modified here by various legislative enactments soon after the formation of the State governments. Our Revised Statutes took a long step towards the simplification of those rules, and especially in relation to the vesting of estates in land and their alienability. By them estates in respect to the time of their enjoyment are divided into estates in possession and estates in expectancy, and an estate in expectancy is defined to be one to which the right of possession is postponed to a future period. Estates in expectancy are divided into future estates and reversions. Where a future estate is dependent on a precedent estate it may be termed a remainder, and such future estates are either vested or contingent. They are vested where there is a person in being who would have an immediate right to the possession of the lands should the intermediate or precedent estate cease. Expectant estates are descendible, devisable and alienable in the same manner as estates in possession.

In the light of these plain and simple rules this case can be examined with satisfaction, and reduced to its proper place without elaboration or difficulty. In the first part of his will the testator evinces a plain intention to devise a life estate to his wife in the house and lot in question, and the fee to the children of his daughter Margaret, if any are born and living at her death. Then comes

this clause upon which the plaintiff's right depends. "I wish and will that should my said daughter Margaret die without having any issue, then the said property shall be left to my nephew John Foley."

The widow died in 1874. Foley died in 1877, and the daughter Margaret died in 1878, without children. What estate did John Foley take under this will? The determination of the life estate of the widow was all that was necessary to entitle him to take the property. It is true the birth of children to the daughter Margaret, who should survive her, would defeat his estate, but they were subsequent conditions, and it is no objection to the vesting of an estate that subsequent events may defeat it. If there be a person in being having an immediate right to the possession upon the determination of the precedent estate, then he has a vested remainder under the provision of our statute, and John Foley occupied that position in respect to this property, even though the wife and daughter both took life estates under this will which we do not decide.

The plain intention of the testator was to give the fee to this property to his nephew, unless there were children of his daughter living at her death. That was a subsequent event which might defeat his estate, but until this happened the ultimate fee was in him, and he took the possession when the life estate ceased. The case of *Wolfe* v. *Van Nostrand* (2 N. Y., 436) turned upon the peculiar language of the will which was as follows : Speaking of the property "which I do hereby give and devise unto my said dearly beloved wife Hannah during her life, and after her death in case my daughter Elizabeth should die without having named or without leaving a child or children, I give and devise the house and lot of ground," etc., "unto William Newton." The daughter survived the mother, but died without issue, and it was held that the devise over to Newton was contingent upon the death of the daughter without children before the death of the mother ; that the devise was to him after the death of the wife in case Elizabeth should die childless, which condition qualified what would otherwise have been an absolute devise, and made it contingent and dependent upon a condition which never happened. The condition introduced into this will is a condition subsequent, which

might have defeated the estate, but which never happened. The certainty of the enjoyment of an estate is not an element of its vesting. An estate in land may vest in interest and in right, and yet be defeated before enjoyment, and such is this case. Here, however, the event which was to defeat the estate of Foley never came to pass, and he died seized of the premises, and his brother took by descent as his heir-at-law.

The order appealed from must therefore be affirmed, with costs and disbursements.

BARNARD, P. J., and GILBERT, J., concurred.

Order overruling demurrer affirmed, with costs.